LANCASTER et al. v. BOUDREAU.
(No. 2048.)

(Court of Civil Appeals of Texas. Texarkana. March 6, 1919. Rehearing Denied March 13, 1919.)

MASTER AND SERVANT ⟨⟩286(22) — SAFE PLACE TO WORK—QUESTIONS FOR JURY.

Whether a master operating a large shop was guilty of negligence in not covering a ditch dug for installation of a sewer at a dark place in shop near a forge, giving forth a glare which tended to bind one approaching, held for jury.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by O. P. Boudreau against J. L. Lancaster and another, receivers. Judgment for plaintiff, and defendants appeal. Affirmed.

F. H. Prendergast and Brown & Hall, all of Marshall, for appellants.

T. W. Davidson, of Marshall, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for personal injuries. Appellee was employed in a building known as "the shop," a large brick structure extending about 400 feet east and west and 300 feet north and south, and divided into two apartments by a brick wall running east and west about 100 feet from the north side. In this partition wall are two openings, through which the employés pass in going to different parts of the shop. At the time alleged in his petition the appellee was engaged in some kind of mechanical work in the extreme southwest portion of the building. It was necessary for him to go to the

north, or northeast, side in ·order to sharpen a tool with which he was working. In passing through the opening in the partition wall he fell into an open ditch recently dug by other employés for the purpose of laying a sewer pipe, and received the injuries for which he sues. The negligence alleged was the failure of the appellants to provide a covering for the ditch, or to place some lights or signals sufficient to disclose its presence. In a trial before a jury a verdict was rendered assessing the value of the appellee's injuries at $2,500. Under the charge given by the court a deduction of $500 was made for contributory negligence on the part of the appellee. Quite a number of special charges were presented by counsel for the appellant, and those refused by the court are made the basis of the first group of assigned errors.

Appellants unquestionably had the right to dig the ditch at the time and place they did; but whether or not they were negligent in failing to provide some covering, or to display some light or signal to indicate its presence, in order to prevent the employés who were unaware of its existence from falling into it, were questions of fact for the jury to determine. The evidence showed that it was necessary during the daytime to have the building lighted, to enable the employés to see how to perform their work. It was also shown that at the point where the injury occurred it was rather dark, and that the glare from a forge near by tended to blind one approaching from the direction traveled by the appellee. Whether or not the appellant should have anticipated that some one ignorant of the presence of the ditch might fall into it and be injured was a question of fact, and which we think was properly submitted to the jury.

It is unnecessary to discuss the various assigned errors in detail. Many of them raise practically the same questions in different forms.

It is also contended that the verdict of the jury was excessive, mainly upon the ground that the appellee was a very old man. We are not prepared to concur in that conclusion, and the judgment will therefore be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes